Elizabeth **MILBURN** et al., Plaintiff-Appellant,

v.

Gail **HUECKER**, Commissioner, Kentucky Department of Economic Security and Daniel R. Tierney, etc., Defendants-Appellees.

Mariann **WEISENBERGER**, etc., et al., Plaintiff-Appellant,

v.

Gail S. **HUECKER**, Commissioner, Kentucky Department of Economic Security and Daniel R. Tierney, et al., Defendants-Appellees.

Nos. 73–1259 and 73–1430.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 15, 1973.

Decided Aug. 5, 1974.

**1280**

Legal Aid Society of Louisville, Inc., Kurt Berggren, Graham B. Cooke, Dennis E. Bricking, Louisville, Ky., on brief, for plaintiffs-appellants.

Paul E. Tierney, Paul M. Cupp, Kentucky Dept. of Economic Security, Frankfort, Ky., on brief, for defendants-appellees.

Before EDWARDS, CELEBREZZE and McCREE, Circuit Judges.

McCREE, Circuit Judge.

This appeal presents the question whether a United States district court has jurisdiction to order a state to pay past due welfare benefits that were withheld from applicants in violation of federal law. We hold that the Eleventh Amendment prohibits the entry of an order directing a state that has not consented to suit to pay such benefits.

In No. 73–1259 appellant Milburn applied for Aid to Permanently and Totally Disabled (APTD), on November 30, 1971. More than five months later, on April 5, 1972, her application was denied. Thereupon, Milburn requested a hearing and on June 1, 1972, the hearing officer determined that Milburn was permanently and totally disabled and directed the payment of APTD payments commencing May 1972, six months after the date when Milburn had applied for aid. It is uncontested that the disability existed at the time of the application and that Milburn at all times cooperated with government and medical personnel. Milburn brought this action, on behalf of herself and all other persons similarly situated, requesting: (1) declaratory relief and an order enjoining defendants from not acting on APTD applications within sixty days and from not paying benefits from the date of application; and (2) an award to plaintiff class of all APTD benefits wrongfully withheld. She also sought an award of costs and reasonable attorneys' fees. The district court, holding that defendants' practices violated federal law and the Constitution, granted prospective injunctive relief requiring the APTD welfare program to be administered in the future in compliance with federal law. Specifically, the court ordered applications to be acted upon within sixty days and upon deter-

mination of eligibility, payment to be made from the date of application. However, the court held that the Eleventh Amendment deprived it of jurisdiction to award benefits retroactively. The court also denied plaintiffs' request for costs and attorneys' fees.

In No. 73–1430, appellant Weisenberger was denied Aid to Families for Dependent Children (AFDC) benefits solely because she had not filed a paternity action against the putative father of her children, although she was otherwise qualified. Subsequently, she initiated the paternity action, and benefits were approved commencing about seventy days after her application was first made. Weisenberger then brought this action for herself and a class of persons similarly situated and requested: (1) declaratory relief and an order enjoining defendants from not acting on AFDC applications within thirty days and from not paying benefits from the date of application, and to declare all inconsistent practices illegal; and (2) an award of all AFDC payments wrongfully withheld, and costs and attorneys' fees. In this case, too, the district court granted the prayer for prospective relief, but denied the request for retroactive payment of welfare benefits and for costs and attorneys' fees.

Plaintiffs in both cases appeal from the denial of retroactive benefits, costs and attorneys' fees.

Because these cases raise identical questions of law, the appeals were consolidated and we consider them together.

Three questions are presented: (1) whether a state that has withheld welfare benefits from applicants in violation of federal law, in the absence of waiver, is shielded by the Eleventh Amendment from a judicial order requiring it to pay past due benefits; (2) if the Eleventh Amendment would otherwise be a jurisdictional bar to such relief, whether the state, by its participation in a welfare program funded, in part, by the federal government, thereby waived its immunity from suit; and (3) whether the denial of plaintiffs' requests for costs and attorneys' fees was erroneous.

The first two questions have been considered by other circuits and by the Supreme Court. The Second Circuit, in Rothstein v. Wyman, 467 F.2d 226 (1972), cert. denied, 411 U.S. 921, 93 S.Ct. 1552, 36 L.Ed.2d 315 (1973), held that the Eleventh Amendment deprives a district court of jurisdiction to award retroactive welfare benefits, even though the benefits had been withheld in violation of federal law and even though prospective injunctive relief was permissible and appropriate. The Second Circuit also held that a state's receipt of federal funds for use in its welfare program did not constitute a waiver of the immunity afforded by the Eleventh Amendment. The opposite result was reached in Jordan v. Weaver, 472 F.2d 985, cert. granted sub nom., Edelman v. Jordan, 414 U.S. 1301, 94 S.Ct. 13, 38 L.Ed.2d 15 (1973), where the Seventh Circuit held that the Eleventh Amendment did not preclude a United States district court from remedying a defiance of federal law by ordering the retroactive payment of welfare benefits, and, further, that Illinois had constructively consented to suit and had thereby waived Eleventh Amendment immunity by participating in a federal welfare program. The Fourth Circuit, in Dawkins v. Craig, 483 F.2d 1191 (1973), agreed with the Second Circuit's holding in *Rothstein.*

After this appeal was argued and before our opinion issued, the Supreme Court answered the first two questions presented here, resolving the differences among the circuits, by holding that the Eleventh Amendment deprived a federal court of jurisdiction to award past due welfare benefits payable from a state's treasury and that a state's mere participation in a federal welfare program does not, without more, constitute an implied consent by the state to be sued

in the federal courts. Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662, 1974. And we therefore respectfully follow the Supreme Court's decision in *Edelman*.

■■ There remains to be considered appellants' contention that the district court erred in denying their requests for costs and reasonable attorneys' fees since they prevailed in obtaining prospective relief and this determination was not challenged on appeal. Appellants urge that a trial court's denial of attorneys' fees must be accompanied by findings of fact sufficient to permit review of its exercise of discretion. Lee v. Southern Home Sites Corp., 429 F.2d 290, 296 (5th Cir. 1970). We agree. And we hold that the findings of the trial courts here were insufficient to support their denial of costs and fees. In No. 73–1259, the court gave no reason for denying costs and fees. In No. 73–1430, the court stated:

> Payments were also asked for attorneys' fees and costs. In Alexander v. Weaver, 345 F.Supp. 666 (N.D.Ill. E.D.1972), where retroactive benefits were allowed, the court held that attorneys' fees and costs are especially inappropriate in view of the fact that the various services and the costs incurred were provided by a Legal Aid Bureau which is primarily funded by the federal government and the litigants were not required to incur any personal costs. That same reasoning is applicable here.

But we have found no evidentiary support in the record for the court's implied finding that the Legal Aid office involved here in "primarily funded by the federal government" or that the litigants here "were not required to incur any personal costs," even assuming, *arguendo*, that these factors are controlling. Accordingly, both cases will be remanded for a reconsideration of the appropriateness of awarding costs and attorneys' fees, and the entry of an order accompanied by sufficient findings of fact to permit meaningful review.

In their consideration of the appropriateness of awarding costs and attorneys' fees the district courts should be cognizant of the recent guidance from the Supreme Court. In Hall v. Cole, 412 U.S. 1, 4–9, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973), the Supreme Court indicated that such relief is appropriate, in general, where "overriding considerations indicate the need for such a recovery." 412 U.S. at 5, 9, 93 S.Ct. at 1946, *quoting* Mills v. Electric Auto-Lite Co., 396 U.S. 375, 391–392, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970). The Supreme Court discussed two examples of such "overriding considerations": first, where the unsuccessful party has acted in "bad faith", 412 U.S. at 5, 93 S.Ct. 1943; and, second, where the litigation confers a "common benefit" to a class and the award of fees spreads the costs proportionately among the members of the benefitting class. 412 U.S. at 5–7, 93 S.Ct. 1943. In a footnote the Court mentioned as a third possible ground for awarding attorneys' fees the situation where a party acts as a "private attorney general" to vindicate a strong Congressional policy.

Citing our decisions in *Mills, supra,* and Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968), respondent contends that the award of attorneys' fees in this case might also be justified on the ground that, by successfully prosecuting this litigation, respondent acted as a " 'private attorney general,' vindicating a policy that Congress considered of the highest priority." *Id.,* at 402, 88 S.Ct. 964, at 966. See also Knight v. Auciello, 453 F.2d 852 (CA 1 1972); Lee v. Southern Home Sites Corp., 444 F.2d 143 (CA 5 1971). In light of our conclusion with respect to the "common benefit" rationale, however, we have no occasion to consider that question, 412 U.S. at 6, n. 7, 93 S.Ct. at 1947.

See also Amos v. Sims, 409 U.S. 942, 93 S.Ct. 290, 34 L.Ed.2d 214, aff'g, 336 F.Supp. 924, 340 F.Supp. 691 (M.D.Ala. 1972).

The judgments in No. 73-1259 and No. 73-1430 are affirmed insofar as they denied the relief of retroactive welfare benefits and are reversed and remanded for proceedings not inconsistent with this opinion insofar as they denied the relief of costs and attorneys' fees.