Marianne WEISENBERGER, Elizabeth Milburn, Ronald Dellinger, et al., Plaintiffs-Appellees, Cross-Appellants,

v.

Gail S. HUECKER, Daniel Tierney, C. Lester Dawson (now Peter Conn), Secretary of the Kentucky Department for Human Resources, et al., Defendants-Appellants, Cross-Appellees.

Nos. 78–3008, 78–3009, 78–3012, 78–3013 and 78–3018.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 30, 1978.

Decided Feb. 27, 1979.

Robert W. Riley, Gen. Counsel, Ann T. Hunsaker, Asst. Gen. Counsel, Dept. For Human Resources, Frankfort, Ky., for defendants-appellants, cross-appellees.

Henry B. Hinton, Jr., Lawrence S. Elswit, Legal Aid Society of Louisville, Inc., Louisville, Ky., for plaintiffs-appellees, cross-appellants in Nos. 78–3008, 78–3009 and 78–3018.

Lawrence S. Elswit, Legal Aid Society of Louisville, Inc., Louisville, Ky., for plaintiffs-appellees, cross-appellants in Nos. 78–3012, 78–3013 and 78–3018.

Before EDWARDS, Chief Circuit Judge, and WEICK and CELEBREZZE, Circuit Judges.

CELEBREZZE, Circuit Judge.

Defendants, administrators of the Kentucky welfare and unemployment insurance programs, appeal from an award of attorney's fees in three cases arising from the United States District Court for the Western District of Kentucky. Plaintiffs have cross-appealed in two of the cases from the district court's denial of attorney's fees for legal services performed in pursuit of fees. These appeals present three basic issues: whether the district court properly relied upon the Civil Rights Attorney's Fees Awards Act of 1976[1] [hereinafter Act] as a basis for awarding attorney's fees; whether the district court properly exercised its discretion in computing and awarding the fees; and whether attorney's fees may be awarded for legal services performed in pursuit of attorney's fees. For the reasons stated below, we affirm in part, reverse in part, and remand with directions.

## I

### A. *Milburn v. Huecker*

#### *Weisenberger v. Huecker*

This is the third opportunity this court has had to review these appeals. These cases were originally brought as class actions by plaintiffs on behalf of themselves and all recipients of benefits under the Aid to Permanently and Totally Disabled pro-

---

1. Pub.L. 94–559 (Oct. 19, 1976), *codified* in 42 U.S.C. § 1988:

    In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or in any civil action or proceeding, by or on behalf of the United States of America, to enforce, or charging a violation of, a provision of the United States Internal Revenue Code, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

gram (APTD) and the Aid To Families with Dependent Children program (AFDC), welfare programs jointly administered by the state and federal governments. Plaintiffs claimed that the state had violated their due process rights by failing to process applications and award benefits within the prescribed time limits. Plaintiffs sought declaratory relief, an order enjoining the defendants from not acting within the appropriate time periods, an award of all benefits wrongfully withheld, and reasonable costs and attorney's fees. The district court found the state's practices violative of federal law and granted prospective relief. The court denied, however, the demands for retroactive payment of welfare benefits wrongfully withheld, holding they were barred by the eleventh amendment. The district court also refused requests for costs and attorney's fees.

On the first appeal presented to this court, 500 F.2d 1279 (6th Cir. 1974), we affirmed the district court's grant of prospective relief and affirmed, on the basis of *Edelman v. Jordon,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974),[2] the denial of retroactive relief. We reversed the failure to award costs and attorney's fees and remanded the cases for further finding of facts to permit meaningful appellate review.

On remand the district court in each case abandoned its previous position and awarded attorney's fees to plaintiffs. The district court awarded attorney's fees in the amount of $2,500 in *Milburn* and $2,000 in *Weisenberger.* Both awards were to be paid by the defendants in their individual capacities.[3]

On our second review of these cases we only reviewed the attorney's fee award in *Weisenberger.*[4] 538 F.2d 1241 (6th Cir. 1976). We held the eleventh amendment did not constitute a bar to an award of attorney's fees against state officials individually since such awards would not be paid out of the state's treasury. We were required, however, to remand the case a second time. An intervening decision of the Supreme Court, *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), held that the private attorney general theory relied upon by the district court in making the award was an inappropriate basis upon which to award attorney's fees. We instructed the district court to make specific findings of fact on the issue of whether defendants exhibited "bad faith." Under *Alyeska* only a finding of "bad faith" could justify a fee award in the present cases.

In the interim between our second remand of these cases and the district court award of fees presently under review, the Supreme Court decided the case of *Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976). The Court held in *Fitzpatrick* that the eleventh amendment and the principle of state sovereignty it embodies are limited by the enforcement provisions of § 5 of the fourteenth amendment. Section 5 grants Congress authority to enforce "by appropriate legislation" the substantive provisions of the fourteenth

---

**2.** In *Edelman v. Jordon,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), the Supreme Court held that the eleventh amendment deprived federal courts of jurisdiction to award past due welfare benefits payable from a state's treasury, and that a state's participation in a federal welfare program does not, without more, constitute an implied waiver of eleventh amendment immunity.

**3.** These awards were made against defendants in their individual capacities since the then prevailing view in our circuit was that the eleventh amendment barred the award of attorney's fees against an unconsenting state or against state officials acting in their official capacities. *See Jordon v. Gilligan,* 500 F.2d 701, 705 (6th Cir.

1974), *cert. denied,* 420 U.S. 991, 95 S.Ct. 1996, 44 L.Ed.2d 481 (1975); *Taylor v. Perini,* 503 F.2d 899, 901 (6th Cir. 1974), *vacated on other grounds,* 421 U.S. 982, 95 S.Ct. 1985, 44 L.Ed.2d 474 (1975). Other circuits espoused the contrary position. *See Heucker v. Milburn,* 538 F.2d 1241, 1244 n. 5 (6th Cir. 1976) (collecting cases). This conflict has been resolved in civil rights cases against the prior position of this circuit. *See* note 7, *infra.*

**4.** We lacked jurisdiction to review the *Milburn* award because no separate order was entered by the district court pursuant to Fed.R.Civ.P. 58. 538 F.2d 1241, 1243 (6th Cir. 1976).

amendment.[5] The Court stated in *Fitzpatrick*:

> When Congress acts pursuant to § 5, not only is it exercising legislative authority that is plenary within the terms of the constitutional grant, it is exercising that authority under one section of a constitutional Amendment whose other sections by their own terms embody limitations on state authority. We think that Congress may, in determining what is "appropriate legislation" for the purpose of enforcing the provisions of the Fourteenth Amendment, provide for private suits against States or state officials which are constitutionally impermissible in other contexts.

*Id.* at 456, 96 S.Ct. at 2671 (footnote omitted).

On October 19, 1976, also between our second remand and the district court awards presently before us, Congress enacted, pursuant to its § 5 power, the Civil Rights Attorney's Fees Awards Act of 1976.[6] The Act provides that in certain civil rights suits a court may in its discretion award attorney's fees to prevailing parties as part of the costs of the litigation. The Supreme Court in the recent case of *Hutto v. Finney,* 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978), held that the Act is a clear exercise of the § 5 power of Congress to set aside a state's eleventh amendment immunity and "to authorize fee awards payable by the States when their officials are sued in their official capacities." *Id.* at 693, 98 S.Ct. at 2575.[7]

On the second remand, the district court in each case specifically relied upon the Act to support the awards of attorney's fees. The district court made no findings on the issue of "bad faith." Defendants assert on this third appeal that it was improper for the district court to rely on the Act. Plaintiffs in *Weisenberger* but not *Milburn* have cross-appealed from the district court's denial of attorney's fees for time spent pursuing attorney's fees.

## B. *Dellinger v. Dawson*

This case is before this court for the first time. In May, 1975, plaintiffs filed a complaint on behalf of a statewide class alleging defendants denied them constitutional and statutory rights by failing to process unemployment insurance benefit claims within specific statutory time limits. On January 17, 1977, the district court entered judgment requiring that payment of unemployment insurance benefits be made within twenty-four days of application on all claims uncontested by the former employer. The court further ordered that replacement checks be delivered to claimants within fourteen days of receipt of an affidavit stating that a claimant's due and owing benefit check is lost, stolen, or missing.

Plaintiffs subsequently moved the district court to alter and amend its previous order to allow reasonable attorney's fees. On

---

**5.** The Court held in *Fitzpatrick* that the eleventh amendment does not bar an award of backpay benefits in a Title VII suit against a state employer in light of the fact that the 1972 Amendments to Title VII, 42 U.S.C. §§ 2000e, *et seq.*, which made Title VII applicable to state employers, were enacted pursuant to Congress' § 5 power to enforce the fourteenth amendment.

**6.** *See* note 1, *supra.*

**7.** The Court in *Hutto* discussed another rationale in support of the power of Congress to authorize such an award against state officials acting in their official capacities. The Court stated:

> The Act imposes attorney's fees "as a part of the costs." Costs have traditionally been awarded without regard for the States' Eleventh Amendment immunity. The practice of awarding costs against the States goes back to 1849 in this Court. See *Missouri v. Iowa,* 7 How. 660, 681, 12 L.Ed. 861, 870; *North Dakota v. Minnesota,* 263 U.S. 583, 44 S.Ct. 208, 68 L.Ed. 461 (Collecting cases). The Court has never viewed the Eleventh Amendment as barring such awards, even in suits between States and individual litigants.

*Hutto v. Finney,* 437 U.S. at 695, 98 S.Ct. at 2576 (footnote omitted but commended to the reader).

The prior decisions of this court in the present cases and in others which held the eleventh amendment constituted a bar to an award of attorney's fees against state officials acting in their official capacities, *see* note 3, *supra,* are no longer good law in suits within the purview of the Act.

September 13, 1977, the district court awarded $2,912.50 in attorney's fees to plaintiffs. The district court refused to allow fees for time spent litigating the attorney's fee issue. Defendants have appealed from only the part of the final judgment which awarded attorney's fees.[8] Plaintiffs have cross-appealed from that portion of the final judgment which denied an award of attorney's fees for time spent pursuing attorney's fees.

## II

"A court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." *Bradley v. Richmond School Board,* 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974); *Thorpe v. Housing Authority of the City of Durham,* 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969); *United States v. Schooner Peggy,* 5 U.S. (1 Cranch) 103, 2 L.Ed. 49 (1801); *Republic Steel Corp. v. Costle,* 581 F.2d 1228, 1233 (6th Cir. 1978). Since the Act was in existence at the time the district court made the fee awards, it is applicable to the instant cases.[9] The Supreme Court in *Hutto v. Finney,* 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522, specifically held that the Act is applicable to cases that were pending when the statute was enacted. *Id.* at 694 n. 23, 98 S.Ct. at 2576 n. 23. *See also Monroe v. County Board of Education,* 583 F.2d 263 (6th Cir. 1978). The legislative history of the Act evidences a clear Congressional intent that the Act be applied to pending cases. See S.Rep.No.94–1011, 94th Cong., 2d Sess., *reprinted* in [1976] U.S.Code Cong. & Admin.News, p. 5908; H.R.Rep.No.94–1558, 94th Cong., 2d Sess., 4 n. 6. Further, defendants have made no showing to this court that "manifest injustice" would result upon application of the Act to the present cases. Accordingly, the district court properly determined that the Act was applicable since the plaintiffs were prevailing parties and the cases were pending when the Act became law.[10]

Our review of the records in these cases also leads us to conclude that the amount of the awards in each case was appropriate and a proper exercise of discretion.[11] The district court appropriately determined the amount of time plaintiffs' counsel spent on these cases and utilized a reasonable hourly rate of compensation in arriving at a reasonable award. Defendants have failed to display any evidence that would lead us to conclude the district court abused its discretion in this regard.

## III

On cross-appeal in *Weisenberger* and *Dellinger,* plaintiffs allege that the district court abused its discretion in refusing to award attorney's fees for counsel time spent pursuing the recovery of attorney's fees. We agree.

When Congress passed the Act its basic purpose was to encourage the private prosecution of civil rights suits through the

---

8. Defendants did not appeal from the district court judgment with respect to the merits of the case.

9. All three of the present cases were originally brought under 42 U.S.C. § 1983. The Act by its terms applies to § 1983 suits.

10. When the Act became law only the attorney's fee issue remained undecided in *Milburn* and *Weisenberger.* We do not agree with defendant's argument that such cases cannot be regarded as pending cases. *See King v. Greenblatt,* 560 F.2d 1024 (1st Cir. 1977), *cert. denied,* 438 U.S. 916, 98 S.Ct. 3146, 57 L.Ed.2d 1161 (1978).

11. The original attorney's fee awards in *Weisenberger* and *Milburn* were made against the defendants in their individual capacities. *See*

538 F.2d at 1243. The awards were made in that manner because of the then current status of eleventh amendment jurisprudence in our circuit. *See* note 3, *supra.* It is clear that the Act currently permits an award of attorney's fees against state officials in their official capacities. *Hutto v. Finney,* 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522. The awards currently under review were made under the auspices of the Act. Accordingly, we construe the awards to be against defendants in their official capacities. No findings of "bad faith" are needed to support an award of attorney's fees against state officials acting in their official capacities under the Act. *Id.* at 700, 98 S.Ct. at 2579. The same reasoning applies to the award in *Dellinger.*

**54**

transfer of the costs of litigation to those who infringe upon basic civil rights. If a successful party in a civil rights suit is awarded attorney's fees under the Act and he cannot secure attorney's fees for legal services needed to defend the award on appeal, the underlying Congressional purpose for the Act would be frustrated. We conclude that implementation of Congressional policy requires the awarding of attorney's fees for time spent pursuing attorney's fees in the cases presently under review. This award should also include amounts for legal time spent defending and prosecuting the instant appeals. The Supreme Court in *Hutto v. Finney,* 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522, upheld the authority of the court of appeals under the Act to award attorney's fees for legal services rendered in the presentation of an appeal before the court of appeals.

In *Monroe v. County Board of Education,* 583 F.2d 263, 265 (6th Cir. 1978), a case dealing with attorney's fee awards, we stated:

> Under other circumstances the action would be remanded for a determination of such reasonable amount, but we do not choose to follow that course for two reasons. First, the additional delay which would be occasioned by such a remand would further postpone the award of compensation which has already lingered in the courts for an unconscionable time, and this Court's long and detailed familiarity with what has transpired during the history of this protracted litigation make it possible for a determination of reasonable compensation to be made at this judicial level.

We feel this statement is equally applicable here. Based upon all of the factors and circumstances which we deem to be relevant, and the affidavits of plaintiffs' counsel submitted to this court, we conclude that

the additional sum of $5,096.00 would provide reasonable compensation for plaintiffs' counsel and properly vindicate Congressional policy underlying the Act.[12]

Accordingly, the judgment of the district court in *Milburn* and the portions of the judgments in *Weisenberger* and *Dellinger* awarding attorneys' fees, as construed by this court against defendants in their official capacities, are affirmed. The portions of the judgments in *Weisenberger* and *Dellinger* which denied plaintiffs attorney's fees for time spent pursuing attorney's fees are reversed. *Weisenberger* and *Dellinger* are remanded to the district court with directions to enter judgment for an additional $5,096.00, divided equally between each case, as attorney's fees for plaintiffs' counsel to be assessed against the defendants in their official capacities as part of the costs of this case.

---

12. Counsel for plaintiffs submitted affidavits before the district court and this court relating the number of hours expended before the district court since the original fee awards and in our court prosecuting the present appeals. We have taken the number of hours submitted by plaintiffs' counsel, 113.25 hours, and reduced it by 10% to account for duplication of efforts among the respective attorneys. *See Oliver v. Kalamazoo Bd. of Educ.,* 576 F.2d 714, 715 n. 2 (6th Cir. 1978). In arriving at the total amount awarded we multiplied the reduced number of hours by a rate of $50 per hour, a rate of hourly compensation found to be reasonable by the district court.