863 F.2d 47
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Karen CHRISTY, Plaintiff-Appellant,
v.
CITY OF LANSING, Defendant-Appellee.
 Nos. 87-1282, 87-1679.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1988.
 
 Before KEITH, NATHANIEL R. JONES and MILBURN, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this civil rights action, plaintiff Karen Christy, ("Christy"), appeals from the district court's December 8, 1986 opinion denying her motion for attorneys' fees and costs pursuant to 42 U.S.C. Sec. 1988 (1981). Christy also appeals from the district court's July 8, 1987 opinion denying her motion for entry of order and for re-filing notice of appeal. Christy claims entitlement to attorneys' fees as the prevailing party in a 42 U.S.C. Sec. 1983 action brought against defendant City of Lansing, ("City"). Upon consideration of the issues presented by this appeal, we AFFIRM the judgments of the district court.
 
 
 2
 On May 16, 1983, Christy filed suit in the United States District Court for the Western District of Michigan, seeking declaratory and injunctive relief under 42 U.S.C. Sec. 1983. Christy sought a judgment that would: (1) declare designated Lansing zoning ordinances to be void and unenforceable; (2) restrain the City from enforcing the zoning ordinances; and (3) award her attorneys' fees and costs pursuant to 42 U.S.C. Sec. 1988. Christy contended that the City's zoning ordinances severely limited her ability to locate an adult bookstore in Lansing, and thereby, impermissibly infringed upon her exercise of rights protected by the First and Fourteenth Amendments.
 
 
 3
 After certain challenged provisions of the Lansing zoning ordinances were amended by the City Council, the district court entered an October 10, 1985 opinion, order and judgment dismissing Christy's case as moot. On November 9, 1985, Christy filed a motion for attorneys' fees and costs. The district court denied her motion on December 8, 1986. In a document entitled "Opinion on Motion for Attorneys' Fees," the district court declared that "plaintiff's motion for attorneys' fees is therefore DENIED" and concluded by stating: "IT IS SO ORDERED."
 
 
 4
 Christy states that on December 24, 1986, her counsel mailed a notice of appeal from the denial of attorneys' fees to the Sixth Circuit Clerk of the Court. Christy next recalls that, on March 8, 1987, her counsel discovered that there was no appeal on file with the Sixth Circuit.
 
 
 5
 On March 11, 1987, Christy filed a "Motion for Re-Filing Notice of Appeal" with this Court. Christy next filed documents entitled "Re-Filing Notice of Appeal" and "Motion for Entry of Order" on March 16, 1987. In the latter document, Christy argued that the district court's December 8, 1986 opinion was not entered as a separate and distinct order pursuant to Rules 54(a) and 58, Fed.R.Civ.P. Christy concluded that notwithstanding the December 8, 1986 opinion denying her motion for attorneys' fees, the district court's failure to enter an order on a separate document left her without a final order from which she could pursue an appeal.
 
 
 6
 On July 8, 1987, the district court denied Christy's motions for entry of order and for re-filing notice of appeal. The district court found that Christy was entitled to pursue an appeal from the December 8, 1986 Opinion on Motion for Attorneys' Fees. The district court held, however, that Christy was not entitled to have that decision memorialized by the court clerk in a separate judgment. In addition, the district court found that Christy's attempted appeal from the December 8, 1986 opinion clearly indicated that she knew that the opinion was a final order. The district court next invoked Rule 4(a)(1), Fed.R.App.P., which requires notice of appeal to be filed within 30 days. Due to the amount of time elapsed between the December 8, 1986 opinion and Christy's March 11, 1987 notice of appeal, the district court concluded that Christy's requested relief could not be granted.
 
 I.
 
 7
 Appealing from the district court's July 8, 1987 denial of her motion for entry of order, Christy contends that the December 8, 1986 opinion did not comply with the mandate of Rule 4(a)(6), Fed.R.App.P. Rule 4(a)(6) states that a judgment or order is entered within the meaning of Rule 4(a) when it complies with Rules 58 and 79(a), Fed.R.Civ.P. Rule 58 provides that "[e]very judgment shall be set forth on a separate document." Rule 79(a) requires the court clerk to enter chronologically all appearances, orders, verdicts and judgments in a civil docket book. Thus, because the district court's December 8, 1986 opinion was not memorialized in a separate judgment, Christy argues that there should be entry of such a separate judgment from which she may now file a timely appeal.
 
 
 8
 Christy would have this Court decide that Rule 58 requires, in all cases, the entry of a separate judgment upon an opinion denying a post-judgment motion for attorneys' fees. We find, however, that we need not reach that issue. It is clear that both Christy and the City knew and understood that the December 8, 1986 opinion was a final order from which a timely appeal must be filed. Without receiving a separate judgment upon the December 8, 1986 opinion, Christy admits to attempting an appeal on December 24, 1986. Because both Christy and the City treated the Opinion on Motion for Attorneys' Fees as a final order, and the district court intended the opinion to represent a final order, we will also treat the December 8, 1986 opinion as the final order for purposes of determining the timeliness of Christy's appeal. See, e.g., Bankers Trust Co. v. Mallis, 435 U.S. 381, 388 (1978), ("Under these circumstances, the parties should be deemed to have waived the separate-judgment requirement of Rule 58.").
 
 
 9
 In Mallis, the Supreme Court concluded that an order containing both an opinion and a ruling on a motion to dismiss generally satisfies the separate document requirement of Rule 58. 435 U.S. at 383. Other courts have found that even though an order contains citation to legal authority, it can be recognized as a final judgment. See Weinberger v. United States, 559 F.2d 401 (5th Cir.), cert. denied, 434 U.S. 891 (1977); Hamilton v. Nakai, 453 F.2d 152 (9th Cir.1971), cert. denied, 406 U.S. 95 (1972). The Fifth Circuit, in Interfirst Bank Dallas v. Federal Deposit Ins. Corp., 808 F.2d 1105 (5th Cir.1987), held that:
 
 
 10
 The separate document provision [of Rule 58] should not be used to obviate a party's failure to file a timely notice of appeal in accordance with Rule 4. The fundamental purpose of the separate document provision is to clarify when the time for appeal begins to run.... The district court clearly evidenced its intent that the [disputed] document operate as the final decision in the case.... We agree with the district court's reasoning that although Rule 58 should not operate as a trap, it should not be used to give a party the opportunity to cure a procedural error in observing an appellate deadline.
 
 
 11
 Id. at 1108. Thus, the Fifth Circuit has often warned of the "mindless" application of Rule 58. See, e.g., Interfirst, 808 F.2d at 1109; United States v. Perez, 736 F.2d 236 (5th Cir.1984). Similarly, this Court has allowed, under certain circumstances, the waiver of the Rule 58 separate judgment requirement and emphasized a common-sense approach, rather than a technical application of the rule. See Falls Stamping and Welding Co. v. Aerospace & Agric. Implement Workers of Am., Region II, 744 F.2d 521, 526 (6th Cir.1984).
 
 
 12
 To determine whether an order is final absent technical compliance with Rule 58, this Court has considered evidence of the district court's intent. We have held that where the district court intended the order to be final and the parties understood the district court's intent, then the disputed document should be deemed the final order from which a timely appeal must be filed. See Falls Stamping, 744 F.2d at 526; Peake v. First Nat'l Bank and Trust Co. of Marquette, 717 F.2d 1016, 1020 (6th Cir.1983).
 
 
 13
 In the present appeal, the district court intended the December 8, 1986 opinion to be its final decision and Christy understood the district court's intent. Because Christy's case had been previously dismissed, the district court's denial of Christy's motion for attorneys' fees was surely meant to be the final disposition of this case. The district court's opinion not only concisely stated that Christy's motion for attorney's fees had been denied, but also specifically concluded: "IT IS SO ORDERED." Christy's knowledge of the district court's intent is evidenced by her actions after entry of the December 8, 1986 opinion. Christy has admitted that she intended to file an appeal within 30 days of the December 8, 1986 opinion. Moreover, before attempting to file her December 24, 1986 notice of appeal, Christy neither demanded nor awaited the entry of a separate order denying her motion for attorneys' fees. Thus, Christy's waiver of the Rule 58 separate judgment requirement precludes her from now using that rule to escape the ill effects of an untimely appeal. Accordingly, we affirm the district court's July 8, 1987 denial of Christy's motion for entry of order.[1]
 
 II.
 
 14
 Appealing from the district court's July 8, 1987 denial of her motion for refiling notice of appeal, Christy argues that, due to circumstances beyond her control, she was unable to file a notice of appeal within the time periods mandated by Rule 4(a)(1)-(5), Fed.R.App.P. Although Christy states that, on December 24, 1986, she prepared and mailed a notice of appeal from the December 8, 1986 opinion, such a notice was never received by the Sixth Circuit. Christy did not file a motion for refiling of appeal until March 11, 1987.
 
 
 15
 A timely notice of appeal is a mandatory jurisdictional requirement. Thus, an untimely appeal leaves the reviewing court without jurisdiction to consider the appellant's substantive arguments. Berman v. United States, 378 U.S. 530 (1964); United States v. Robinson, 361 U.S. 220 (1960); U.S. v. Hatfield, 815 F.2d 1068 (6th Cir.1987); Stacey v. Charles J. Rogers, Inc., 756 F.2d 440 (6th Cir.1985); Pryor v. R.C. Marshall, 711 F.2d 63 (6th Cir.1983); EEOC v. K-Mart Corp., 694 F.2d 1055 (6th Cir.1982); Lindsey v. Perini, 409 F.2d 1341 (6th Cir.1969).
 
 
 16
 Christy did not file her notice of appeal within the 30-day time period required by Rule 4(a)(1). In addition, Christy failed to make a showing of excusable neglect and to secure an extra 30 days to re-file her appeal pursuant to Rule 4(a)(5). According to Rule 4(a)(1)-(5), Christy was required to file an appeal from the December 8, 1986 opinion by February 6, 1987. Christy, however, failed to act by that date. Christy's motion for re-filing of appeal was not brought until March 11, 1987, and her re-filed notice of appeal was dated March 16, 1987. Thus, the district court correctly found itself powerless to extend the time period for filing an appeal beyond the 60-day period allowed by Rule 4(a)(1)-(5). Accordingly, we affirm the district court's July 8, 1987 denial of Christy's motion for re-filing notice of appeal.
 
 III.
 
 17
 Christy finally appeals from the district court's December 8, 1986 opinion denying her motion for attorneys' fees and costs pursuant to 42 U.S.C. Sec. 1988. Because notice was not timely filed, we have no jurisdiction to consider this appeal.
 
 
 18
 The judgments of the district court are AFFIRMED.
 
 
 
 [1]
 The district court correctly concluded that when the case was dismissed as moot and the October 10, 1985 opinion, order and judgment was entered, Christy secured a final judgment on a separate document. Thus, Christy did receive a judgment which met the technical requirements of Rule 58
 In addition, the district court's October 10, 1985 judgment effectively rebuts Christy's arguments from Huecker v. Milburn, 538 F.2d 1241 (6th Cir.1976), overruled, Shimman v. International Union of Operating Eng'rs, Local 18, 744 F.2d 1226 (6th Cir.1984), cert. denied, 469 U.S. 1215 (1985). Christy cites that case for the proposition that a court of appeals has no jurisdiction over an order denying attorneys' fees where no separate judgment was entered. In Huecker, this Court affirmed two district courts' grant of prospective relief and denial of retroactive payment of welfare benefits. The district courts' denial of requested attorneys' fees, however, was reversed and remanded. On remand, the district courts awarded attorneys' fees and costs. When the awards were appealed, this Court found itself without jurisdiction to review one award because the district court had not entered a separate judgment pursuant to Rule 58. See Huecker, 538 F.2d at 1243. The award of the other district court was reviewed and reversed. See id. at 1246.
 Thus, we are not persuaded by Christy's Huecker arguments. First, Huecker was decided before the Supreme Court re-interpreted Rule 58 requirements in Bankers Trust Co. v. Mallis, 435 U.S. 381 (1978). Second, Huecker is distinguishable from the present appeal. In Huecker, the district courts denied the requested attorneys' fees in the original judgment. No post-judgment motions for fees were filed. See Huecker, 538 F.2d at 1243 & n. 1. In the present appeal, Christy requested attorneys' fees by a post-judgment motion dated November 9, 1985. A final judgment had been previously entered on October 10, 1985. Under these circumstances, Huecker does not support Christy's motion for entry of a separate judgment upon the district court's opinion denying her post-judgment motion for attorneys' fees.