983 F.2d 1065
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CENTRAL BENEFITS MUTUAL INSURANCE COMPANY, Central Benefits
National Life Insurance Company, Inc., and
Mid-Ohio Health Care Plan, Inc., d/b/a
Health One,
Plaintiffs-
Appellants-
Cross-Appellees,
v.
BLUE CROSS AND BLUE SHIELD ASSOCIATION,
Defendant-Appellee-Cross-Appellant.
 Nos. 91-4159, 92-3079, 92-3043 and 91-4160.
 United States Court of Appeals, Sixth Circuit.
 Dec. 29, 1992.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and HIGGINBOTHAM, Senior Circuit Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs, Central Benefits Mutual Insurance Company (CBM), Central Benefits National Life Insurance Company (CBN), and Mid-Ohio Health Care Plan, Inc., appeal and defendant Blue Cross and Blue Shield Association (the Association) cross-appeals the district court's order awarding defendant approximately 2.5 million dollars in attorney fees and costs under section 35(a) of the Lanham Trademark Act, 15 U.S.C. § 1117(a). The parties do not dispute the district court's decision to award fees and costs. Rather, the issue is whether the district court awarded the proper amount. For the reasons that follow, we AFFIRM.
 
 I.
 
 2
 CBM and its subsidiaries[1] filed this suit against the Association under the Sherman Antitrust Act. The Association filed a counterclaim for trademark violations under the Lanham Trademark Act and a trademark licensing agreement between the Association and CBM. The district court granted the Association's motion for a preliminary injunction. Plaintiffs appealed and filed an emergency motion to stay the injunction. This court denied the motion and, while the appeal was pending, plaintiffs filed a motion in the district court to voluntarily dismiss their antitrust claims. After negotiations between plaintiffs and the Association, the district court entered a consent decree granting the motion to dismiss and permanently enjoining plaintiffs' future use of the subject trademarks, except as permitted by the Association. Subsequently, after a three-day trial, the district court awarded damages of approximately $500,000 to the Association on its trademark claims and awarded the Association its attorney fees and costs under Section 35(a) of the Lanham Act, which states that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a).
 
 
 3
 The Association filed its petition for fees, and the district court held three days of evidentiary hearings, after which the court concluded that the petition suffered numerous defects, such as vagueness (billings entered as "research" for example) and "lumping." The court, therefore, rejected the fee petition and ordered the Association to file a revised petition.
 
 
 4
 Plaintiffs filed a lengthy brief and two volumes of exhibits opposing the revised petition. In reply, the Association filed a detailed analysis of plaintiffs' objections. The district court held two days of hearings in order to review the reasonableness of the revised petition. At the conclusion of the hearings, the district judge made detailed oral findings of fact and conclusions of law regarding the exact amount of fees and costs recoverable. These findings and conclusions fill approximately 70 pages in the 1500 page joint appendix. In part, the court held that "the Association ... complied with the Court's order of July 6, 1990, and has filed a revised petition which complies quite well with the requirements of [the court's previous] order [requiring more specificity]." The court added that "the Association has pared its request for fees ... down[,] far below what one would ordinary [sic] find in a case like this...." In several instances, the court reduced revised requests in accordance with Northcross v. Bd. Educ. of Memphis City Schools, 611 F.2d 624, 637 (6th Cir.1979), cert. denied, 447 U.S. 911 (1980), in which we approved the practice of deducting a percentage of the fee requested to eliminate duplicative requests and lumping of hours. Ultimately, the district court entered an order and judgment awarding the Association $2,499,634.99 in attorney fees and costs. This timely appeal followed.
 
 II.
 
 5
 An award of attorney fees and costs "rests in the sound discretion of the trial court." Jones v. Continental Corp., 789 F.2d 1225, 1229 (6th Cir.1986). The trial court's findings of fact in exercising that discretion "shall not be set aside unless clearly erroneous." Federal Rule of Civil Procedure 52(a); Wynn Oil Co. v. American Way Service Corp., 943 F.2d 595, 607 (6th Cir.1991). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). The applicant need not detail how each minute was expended; rather counsel should identify "the general subject matter of his time expenditures." Id. at 437 n. 12. However, "[t]he documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." United Slate Tile & Composition v. G & M Roofing & Sheet Metal Co., 732 F.2d 495, 502 n. 2 (6th Cir.1984).
 
 A.
 
 6
 Plaintiffs first argue that the district court erroneously shifted the burden of proof to them. They rely on the following statement made by the district judge during oral argument:
 
 
 7
 Here's what it boils down to. I have some very honorable lawyers that represented to the Court that there has been a proper allocation and you get up and say there hasn't been, so I think the burden shifted to you because I think they are very credible people....
 
 
 8
 Plaintiffs argument is belied by the voluminous record, which clearly indicates that the district court placed the burden of proof on the fee applicants. The record indicates that the district court ordered the Association to support its petition with detailed documentation. After reviewing such documentation, the district court expressed its satisfaction with the applicant's proofs and remarked that the "burden shifted" to plaintiffs. When viewed in light of the entire record, the district judge's comments mark not a shifting burden of proof, but rather a call for plaintiffs to come forward with specific, as opposed to generalized, objections. Thus, we conclude that the district court shifted the burden of production, not the burden of proof. To conclude otherwise would elevate form over substance and constitute a clear injustice.
 
 B.
 
 9
 Plaintiffs next argue that the district court's findings are clearly erroneous because the court relied on "lumped" time entries in arriving at the total number of hours expended by counsel. Plaintiffs suggest that because counsel's daily time sheets lumped together the total number of hours billed for a variety of activities (research, brief writing, conferences, etc.), they and the district court could not determine the exact number of hours billed for each activity and, therefore, could not determine with a high degree of certainty that the hours claimed were actually and reasonably expended. Similarly, plaintiffs claim that because counsel's daily time sheets showed entries that lumped together time for services related and unrelated to the trademark claim, there was no accurate and reasonable basis for awarding attorney fees. On this issue, the district court stated:
 
 
 10
 I think it is common practice for lawyers in law firms to prepare their fee bills to their clients in exactly the form [counsel] did in this case.... That's the way lawyers and law firms generally keep their times and prepare their fee bills for their clients.
 
 
 11
 * * *
 
 
 12
 * * *
 
 
 13
 I think it [lumping of activities] has been reduced to the place where it is de minimus.
 
 
 14
 We agree with the district court. The district court reviewed affidavits prepared by each attorney who billed time to the Association. Those affidavits indicate that each attorney reviewed daily time records and a computer printout of his/her time allocated to specific categories. In the affidavits, the attorneys conclude that the allocations of time were reasonably accurate. Counsel filed similar affidavits affirming that fee bills included only time related to the trademark claims at issue in this case, and did not reflect time spent and billed for other legal services provided to the Association. Despite these affidavits, to be on the safe side, the district court totally or partially discounted various components of the revised fee petition in order to eliminate lumping. The billing entries, computer printouts, and affidavits provide a sufficient basis for awarding fees, especially when considered in the context of common and extant billing practices in the profession as noted by the district judge. The various discounts further ensured the reasonableness of the award. Therefore, with respect to plaintiffs' claims of lumping, we find no error.
 
 C.
 
 15
 Plaintiffs also complain that counsel's billing records included hundreds of vague and non-descriptive entries such as "research," "meeting," "conference," to name a few. On appeal, plaintiffs argue that these vague descriptions lacked any probative value and, therefore, failed to indicate with a high degree of certainty that such hours were actually and reasonably expended. Accordingly, it is plaintiff's contention that the district court's reliance on such records was clearly erroneous. After considering similar objections during the fee petition hearings, the district court concluded that the record as a whole established with sufficient specificity the type of work performed.
 
 
 16
 We agree with the district court. As noted above, the affidavits prepared by counsel demonstrate sufficiently the character and nature of services performed. We note that some vague and overly generalized billing entries were completely disregarded; and although certain original billing records may have been vague, those deficiencies were cured by counsel's subsequent preparation of more detailed records and by the district court's careful scrutiny of plaintiffs' objections. These curative measures belie plaintiffs' claim that the district court's findings were clearly erroneous.
 
 D.
 
 17
 Plaintiffs next argue that in response to the district court's direction to provide specific information, counsel improperly reconstructed its original billing records in order to clarify and add detail and specificity. This after-the-fact reconstruction of time, plaintiffs argue, is inherently speculative and unreliable because it occurred well after services were performed and after memories had faded. Plaintiffs add that because one attorney reconstructed the billing records for a multitude of billing attorneys, the unreliability of the fee petition was especially egregious. Plaintiffs, therefore, argue that the district court's reliance on the reconstruction of billable hours was clearly erroneous.
 
 
 18
 We are not persuaded by plaintiffs' argument. The revised records were supported by affidavits from counsel, and the district court painstakingly considered and rejected each and every objection raised by plaintiffs. Although it is true that there are discrepancies among the original billing records, the initial fee petition, and the revised fee petition, plaintiffs fail to establish that the district court's consideration and resolution of such discrepancies was clearly erroneous. Based on our review of the entire record, we cannot conclude that the district court's findings were clearly erroneous.
 
 E.
 
 19
 Plaintiffs' remaining objections do not require much attention. Plaintiffs argue that the district court erroneously awarded fees for (1) the practice of billing every second, (2) excessive brief writing during the appeal of the preliminary injunction, and (3) paralegal time, which was essentially non-billable clerical work.
 
 
 20
 Plaintiffs correctly note that attorney-Rovner's billable hours were often the same as his total raw number of hours in the office. Noting the pressures and realities of complex litigation, the district court refused to reduce his hours and rejected plaintiffs' contention that it was impossible to bill every second of time while in the office. The district court clearly credited Rovner's affidavit, in which he indicated that he did not socialize at work and rarely took breaks. Plaintiffs' objection on appeal seems to suggest baldly that Rovner's affidavit is untrue, or that even if the affidavit is true it is unreasonable as a matter of law to permit recovery for such time. We do not discern, and decline to promulgate, a rule of law that forbids an award of attorney fees for billable time equal to the number of raw hours worked. With respect to the factual issue of whether Rovner's billable time actually equalled his raw hours worked, we rely on his unrebutted affidavit in concluding that the district court's findings were not clearly erroneous.
 
 
 21
 The record also supports the district court's rejection of plaintiffs' claims that paralegals performed unrecoverable clerical rather than legal work and that counsel engaged in excessive brief writing during the Association's defense of its preliminary injunction on appeal. Simply put, plaintiffs fail to demonstrate that the district court's findings on these issues were clearly erroneous.
 
 III.
 
 22
 The Association's cross-appeal is conditional; that is, it requests relief if and only if the case is remanded based on plaintiffs' claims of error. Because we have rejected plaintiffs' claims of error, the Association's cross-appeal is rendered moot.
 
 IV.
 
 23
 The district court did a commendable job handling the Association's petition for attorney fees and costs; and on appeal, we find no clear error in the findings upon which the award was based. Accordingly, we AFFIRM the district court's order awarding fees and costs and, pursuant to Weisenberger v. Huecker, 593 F.2d 49, 53-54 (6th Cir.), cert. denied, 444 U.S. 880 (1979) (statutory award of legal fees should compensate for legal services incurred on appeal), REMAND the case for consideration of additional fees and costs incurred by Blue Cross and Blue Shield Association during this appeal.
 
 
 
 *
 The Honorable A. Leon Higginbotham, Jr., Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 [1]
 CBN and Mid-Ohio Healthcare Plan are wholly owned subsidiaries of CBM