CATALDO *v.* WINJACK CORPORATION.

1. INTEREST—PRIOR TO JUDGMENT—UNLIQUIDATED CLAIM.
    Finding of trial court, in nonjury assumpsit action for money advanced by plaintiff for use and benefit of defendants at their request, that plaintiff was not entitled to interest under the statute prior to judgment *held,* proper, since the amount claimed was not liquidated at the time of suit and was not ascertained until judgment (CL 1948, § 438.7).

2. COSTS—BRIEFS.
    No costs are allowed upon affirmance of judgment on appeal, where appellee filed no brief.

Appeal from Macomb; Spier (James E.), J. Submitted Division 2 June 6, 1966, at Lansing. (Docket No. 307.) Decided September 27, 1966.

Complaint by Peter Cataldo in assumpsit for moneys advanced for the use and benefit of Winjack Corporation, a Michigan corporation, and David Sefansky, at their request. Judgment for plaintiff. Plaintiff appeals from a denial of interest prior to judgment. Affirmed.

*Sugar & Schwartz (A. Albert Sugar,* of counsel), for plaintiff.

QUINN, J. Plaintiff appeals from the trial court's denial of his claim for interest on the amount found

REFERENCES FOR POINTS IN HEADNOTES
[1] 30 Am Jur, Interest § 65.
[2] 5 Am Jur 2d, Appeal and Error §§ 1009, 1010.

to be due him from Winjack by the trial court sitting without a jury. The only issue presented is whether plaintiff is entitled to interest as a matter of right.

Plaintiff sued defendants in assumpsit for moneys advanced by plaintiff for the use and benefit of defendants at their request. The period during which the advances were allegedly made ran from May 1, 1953 through February 11, 1954, and the claimed advances totaled $6,096. This was the amount plaintiff sought to recover by his suit; no claim was made for interest. Defendant Sefansky was never served. Defendant Winjack answered and denied that any of the advances were for its use and benefit or were made at its request, claiming Sefansky was plaintiff's employee. In addition, Winjack pleaded affirmatively that any indebtedness owed plaintiff had been paid and that it never authorized nor requested plaintiff to advance any sums to Sefansky. The trial court found in favor of plaintiff and against Winjack in the amount of $2,827.44. The trial court denied plaintiff's request for interest in his proposed judgment for the reason, "the court does not feel allowance of interest is justified in view of the multitude of separate transactions and controversies between the various parties. They did not know how they stood accounting-wise, at any time."

To support his claim on the right to interest, plaintiff relies on CL 1948, § 438.7 (Stat Ann 1964 Rev § 19.4), as interpreted by *Gottesman* v. *Fay-Bea Construction Co.* (1959), 355 Mich 6; *Bernstein* v. *Shifman* (1960), 358 Mich 699; *Feiler* v. *Midway Sales, Inc.* (1961), 363 Mich 105. In all of the cases relied on by plaintiff, the amount claimed was liquidated at the time of suit. Here it was not, nor was the amount due ascertained until judgment.

The case presents no valid claim for interest as of right prior to judgment.

Affirmed, but without costs since defendant filed no brief.

McGregor, P. J., and T. G. Kavanagh, J., concurred.