CITY OF DETROIT v RBS, INC

Docket No. 82795. Submitted October 17, 1985, at Detroit.—Decided February 4, 1986.

Plaintiff, City of Detroit, filed an action in Wayne Circuit Court for the condemnation of property owned by defendants RBS, Inc., and National Drum and Barrel Corporation. A judgment representing the parties' agreement that $1.4 million was just compensation for defendant's property was entered by the circuit court. Defendants thereafter filed a motion for reimbursement of attorney fees in the amount of $373,118.44. After the parties reached a settlement, the circuit court, Maureen P. Reilly, J., entered an order in accordance with the parties' stipulation that plaintiff would pay defendant $325,000 as reimbursement of defendants' attorney fees within 60 days from the date of the order. Plaintiff tendered payment some 2 months beyond the stipulated 60-day period. The circuit court subsequently granted defendants interest at 12% on the attorney fee award. Plaintiff appealed. *Held:*

Plaintiff violated the parties' agreement and the circuit court's order by failing to pay defendants' attorney fees within the specified time period. The trial court dealt with the breach of the agreement in an equitable manner by requiring plaintiff to pay interest.

Affirmed.     .

INTEREST — ATTORNEY FEES.

Where parties to a civil action agree that a trial court may enter an order stipulating the payment of a party's attorney fees by the opposing party and payment is not timely made as provided by the agreement, the trial court can interpret, enforce or provide a remedy for the breach of the agreement and need not wait for a party to file a separate action based on the agreement; an award of interest is an appropriate remedy for such breach of the agreement.

REFERENCES

Am Jur 2d, Costs §§ 72 *et seq.*

See the annotations in the ALR3d/4th Quick Index under Attorneys' Fees; Costs of Actions.

*Donald Pailen,* Corporation Counsel, and *Joseph N. Baltimore,* Assistant Corporation Counsel, for the City of Detroit.

*Cahalan & Ackerman* (by *Alan T. Ackerman),* for defendants.

Before: Bronson, P.J., and T. M. Burns and C. W. Simon,* JJ.

Per Curiam. Plaintiff, City of Detroit, appeals from an order granting defendants' claim for interest allegedly due because of plaintiff's failure to pay attorney fees on time. We affirm the circuit court order.

On November 24, 1980, plaintiff filed a condemnation complaint against defendants. Following plaintiff's initial good-faith offer of $241,000, the parties engaged in extensive negotiations and agreed on an amount in excess of $1.4 million as just compensation for defendants' property. A judgment representing the settlement was entered. Thereafter, defendants filed a motion for reimbursement of attorney fees in the amount of $373,-118.44. Prior to the hearing to determine the reasonableness of defendants' requested attorney fees, the parties filed a document entitled "Stipulation for Reimbursement of Attorney Fees" which stated:

"It is hereby stipulated by the parties that attorney fees in the amount of $325,000 be paid as reimbursement of attorney fees to National Drum & Barrel Corporation and RBS, Inc., within sixty (60) days."

The trial court entered an order in accord with the agreement. However, plaintiff failed to pay the

* Circuit judge, sitting on the Court of Appeals by assignment.

amount by March 13, 1984, the due date. Payment was finally tendered on July 19, 1984. After defendants received the late payment, they promptly filed a motion for payment of interest on the attorney fee for the period between March 13, 1984, and July 19, 1984. The trial court granted defendants interest on the attorney fee award at a 12 percent rate. Plaintiff argues that interest was improperly assessed. We disagree.

The parties entered into an agreement that attorney fees in the amount of $325,000 would be paid within 60 days. The agreement was made during and as a part of the trial court proceedings. In addition, a circuit court order was entered in accord therewith. Plaintiff violated both the agreement and the court order by failing to pay on time. Defendants were economically injured as a result thereof by loss of use of the money during the more than 4 month period between the due date and the date of actual payment. The question for us to resolve is whether the trial court can provide a remedy for plaintiff's action in failing to pay on time. We hold that it can under the circumstances of this case.

We note that this interest is not judgment interest. Rather, it is interest awarded for late payment of an attorney fee award. Moreover, this is not an award for interest which accrued during the condemnation proceeding. Rather, this award of interest was made for nonpayment of the attorney fees and accrued after the attorney fees became due. Additionally, we note that the parties' attorney fee agreement is not a settlement or a consent judgment regarding the condemnation case. Rather, it is simply an agreement regarding the attorney fees to be paid in the case.

By entering into an agreement regarding attorney fees, the parties aided the trial court by reliev-

ing it from the duty to determine the proper amount of fees. We commend them for doing so. However, once such an agreement is entered into, the parties must also abide by its terms, just as they would be required to abide by an award of attorney fees made by the trial court itself.

The agreement in this case required payment within 60 days. We see no reason why the agreement could not so provide. The trial court determined that, although the parties did not explicitly provide for payment of interest in the event of late payment, such an intention was implicit in the stipulation because of the clause providing for payment within 60 days. Finding no statutory provision directly applicable, the court borrowed the 12 percent interest rate provided by MCL 600.6013; MSA 27A.6013, the civil judgment interest statute. We agree with the trial court's decision to grant interest on the award. There would have been no need for a 60-day provision if the parties wished the attorney fee award to be treated in the same manner as all other taxable costs. The trial court dealt with the breach of the agreement in an equitable manner by requiring plaintiff to pay interest. This agreement was entered into as part of the proceedings in the case. Under these circumstances, a trial court can interpret, enforce, or provide a remedy for breach of the agreement and need not wait for a party to file a separate action based on the contract. Thus, plaintiff was properly ordered to compensate defendant for the harm resulting from plaintiff's violation of the agreement. Moreover, interest was an appropriate remedy. The trial court did not abuse its discretion in applying the 12 percent rate borrowed from an analogous statute.

Affirmed.