Roberto Pabon SANTIAGO,
et al, Plaintiffs,

v.

Ferdinand MERCADO,
et al, Defendants.

No. CIV. 99–1966(HL).

United States District Court,
D. Puerto Rico.

Nov. 27, 2001.

---

Mauricio Hernandez–Arroyo, Law Offices of Athos Vega, Jr. & Associates, Ponce, PR, for Roberto Pabon–Santiago, Richard Irizarry–Padro, Ricky Padro–Ortiz, Alex Torres–Figueroa, Angel Molina–Virola, Angel Ramos–Negron, Wilfredo Maldonado–Rodriguez, Jorge Luis Rodriguez–Velazquez, Arturo Arturo De–La–Hangrais Emmanuelli, Edison Lugo–Arrollo, Kenny Torres–Ramirez, Dionisio Torres–Figueroa, Carlos Omar Morales–Colon, Angel Cuevas–Colon, Jorge Velez–Hernandez, Pedro Vazquez–Mendez, Luis Algarin–Rosario, Gilberto Mendez–Cintron, Javier Torres–Jimenez, Pedro Vargas–Perez, Jose Gutierrez–Lugo, Carlos Rosado–Cruz, Eugenio Carmona, David Torres–Garcia, Edgardo Dones–Colon, All Plaintiffs, plaintiffs.

Luis F. Del–Valle–Emmanuelli, Garcia & Fernandez, San Juan, PR, Carlos J. Morales–Bauza, Salvador J. Antonetti–Stutts, Director, Department of Justice of PR, Federal Litigation Division, San Juan, PR, for Ferdinand Mercado, Jaime Pabey, Ruben Rivera–Quinones aka Sgt. Rivera–Quinones, Luis Santiago.

Luis F. Del–Valle–Emmanuelli, Garcia & Fernandez, San Juan, PR, for Edgardo Rentas, Rentas Perez, Carlos Torres, Manuel Superintendent.

Gerardo De–Jesus–Annoni, Sanchez Betances & Sifre, San Juan, PR, Jorge Carazo–Quetglas, Toledo Toledo & Carazo–Quetglas, Hato Rey, PR, Candida R. Negron–Ramos, Economic Development Bank for Puerto Rico—Legal Affairs, Hato Rey, PR, for Osvaldo Crespo aka Officer Crespo, Felix Vargas–Santos aka Officer Vargas, Jorge Ramirez–Cruz aka Officer Ramirez.

Leticia Ramirez–Rangel, Commonwealth Dept. of Justice, Fed. Litigation Div., San Juan, PR, for Angel Mateo–Melendez aka Officer Mateo, Luis Caguias–Torres aka Officer Caguias, Luis Antonio Garcia–Cruz aka Officer Garcia, Juan Alvarado–Santiago aka Officer Alvardo, Roberto Madera aka Officer Madera, Efrain Gotay–Borrero aka Officer Gotay, Zoe Laboy.

Luis F. Del–Valle–Emmanuelli, Garcia & Fernandez, San Juan, PR, for Officer Perez.

## OPINION AND ORDER

LAFFITTE, Chief Judge.

Before the Court are a number of post-trial motions. A jury trial was held on the

claims of five Plaintiffs brought pursuant to section 1983[1] and Article 1802 of the Puerto Rico Civil Code.[2] Their claims arose out of an incident at the Puerto Rico prison in Ponce. Defendants are guards at the prison. Plaintiffs were inmates at the time in question. They claimed that Defendants used excessive force on them during the incident. The jury found for Plaintiffs and entered a verdict totaling $350,000. Defendants have responded with a motion for a new trial and a motion to alter or amend the judgment. Plaintiffs have moved to have their attorneys' fees and costs paid.

### 1. Motion for new trial

Defendants invoke Rule 59 and move the Court for a new trial or to alter or amend the judgment. They argue that the finding of liability was against the weight of the evidence, that the damage award was excessive, that the Court improperly excluded some of Defendants' evidence, and that the Court erred in not instructing the jury that it could consider Plaintiffs' criminal convictions for purposes of determining their credibility.

A Rule 59(a) motion for a new trial should be granted only when the verdict "is so seriously mistaken, so clearly against the law or the evidence, as to constitute a miscarriage of justice." *Interstate Litho Corp. v. Brown,* 255 F.3d 19, 29 (1st Cir.2001) (quoting *Transamerica Premier Ins. v. Ober,* 107 F.3d 925, 929 (1st Cir.1997)) (internal quotations omitted); *Fernandez v. Corporacion Insular De Seguros,* 79 F.3d 207, 211 (1st Cir.1996). A party may invoke Rule 59(e) and ask a court to alter or amend its judgment based on newly discovered material evidence or because the court committed a manifest error of law or fact. *Aybar v. Crispin–*

*Reyes,* 118 F.3d 10, 16 (1st Cir.1997) (quoting *Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir.1996)); *Nat'l Metal Finishing Co. v. BarclaysAmerican,* 899 F.2d 119, 124 & n. 2 (1st Cir.1990). Additionally, the movant may seek to amend the judgment based on an intervening change in the law. *Hayes v. Douglas Dynamics, Inc.,* 8 F.3d 88, 90–91 n. 3 (1st Cir.1993); *Barclays-American,* 899 F.2d at 124 n. 2.

In the present case, the questions of Defendants' liability and the extent of Plaintiffs' damages required the jury to weigh the testimony of Plaintiffs against the testimony of Defendants. The verdict indicates that the jury found Plaintiffs to be more credible on these matters. There was evidence presented at trial to support this verdict. The fact that Defendants may have presented testimony to controvert Plaintiffs' evidence does not mean that the verdict constituted a miscarriage of justice or that the Court committed a manifest error of law or fact.

Defendants also argue that the Court erred in excluding certain documents proffered by Defendants and in failing to instruct the jury that it could consider Plaintiffs' criminal record for purposes of determining their credibility. Defendants cite to no case law in support of these arguments, and the Court reaffirms its rulings at trial on these issues. These rulings were not manifest errors of law and they did not result in a miscarriage of justice. Accordingly, the Court denies Defendants' motion.

### 2. Petition for attorneys' fees

Plaintiffs seek $113,977.50 in attorney's fees and $6,075.00 in paralegal fees pursuant to 42 U.S.C. § 1988. Defen-

---

**1.** 42 U.S.C.A. § 1983 (West Supp.2001).

**2.** 31 P.R. LAWS. ANN. § 5141 (1991).

dants contest this request. In order to qualify for attorneys' fees under 42 U.S.C. § 1988, a section 1983 plaintiff must be a prevailing party. *Farrar v. Hobby*, 506 U.S. 103, 109, 113 S.Ct. 566, 572, 121 L.Ed.2d 494 (1992); *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). The statute provides that the district court "in its discretion, may allow the prevailing party ... a reasonable attorney's fee ...." 42 U.S.C.A. § 1988(b) (West Supp.2001). Although this language appears to make an award of attorneys' fees discretionary, courts have generally held that a prevailing party should be compensated for its reasonable attorneys' fees, unless special circumstances would make such an award unjust. *Stanton v. Southern Berkshire Reg'l Sch. Dist.*, 197 F.3d 574, 576 (1st Cir.1999); *Williams v. Hanover Housing Auth.*, 113 F.3d 1294, 1300–01 (1st Cir.1997). Thus, the successful civil rights litigant will be presumptively entitled to an award of attorneys' fees. *Hensley*, 461 U.S. at 429, 103 S.Ct. at 1937; *Williams*, 113 F.3d at 1300–01; *Casa Marie Hogar Geriatrico, Inc. v. Rivera–Santos*, 38 F.3d 615, 618 (1st Cir.1994). The party seeking attorneys' fees must submit evidence to support the hours and rates sought. *Hensley*, 461 U.S. at 433, 103 S.Ct. at 1939; *Weinberger v. Great Northern Nekoosa Corp.*, 925 F.2d 518, 527 (1st Cir.1991). Withal, the attorneys' fees issue should not turn into a second round of litigation. *Buckhannon Bd. v. W.Va. Dep't of Health and Human Resources*, 532 U.S. 598, ——, 121 S.Ct. 1835, 1843, 149 L.Ed.2d 855 (2001); *Hensley*, 461 U.S. at 437, 103 S.Ct. at 1941; *Bercovitch v. Baldwin Sch., Inc.*, 191 F.3d 8, 12 (1st Cir.1999).

In the present case, there is little dispute that Plaintiffs prevailed. Defendants do argue, however, that the amount of the fee award should be reduced because of Plaintiffs' limited success. The degree of a plaintiff's success will be a factor in considering the *amount* of the fee award, but not in considering *whether* there should be an award in the first place. *Texas State Teachers v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 790, 109 S.Ct. 1486, 1492, 103 L.Ed.2d 866 (1989); *Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 293–94 (1st Cir.2001). This case was originally brought by twenty-five Plaintiffs, all of whom were inmates at the Ponce prison. There were twenty-three named Defendants. Plaintiffs' section 1983 causes of action included claims that the prison guards' use of excessive force violated their Eighth Amendment rights; that other guards failed to intervene to stop this abuse; that the guards' filing of administrative complaints against Plaintiffs constituted malicious prosecution; that the prison supervisors were subject to the supervisory liability doctrine of section 1983; that the Administrator of the Puerto Rico Department of Corrections and the Department itself should be enjoined to provide Plaintiffs with adequate medical treatment for their injuries suffered at the hands of the prison guards; and that their substantive due process and equal protection rights had also been violated. They also brought Puerto Rico law claims pursuant to the Court's supplemental jurisdiction.

Defendants filed motions for summary judgment on these claims. In its resolution of these motions, the Court dismissed with prejudice Plaintiffs' malicious prosecution, failure to intervene, supervisory liability, and equal protection claims.[3] The

---

**3.** The Court treated the substantive due process claim as being identical to the excessive force claims. *See* docket no. 84, at 11.

Court also dismissed with prejudice the claims for injunctive relief. Furthermore, the Court dismissed with prejudice the excessive force claims of eleven Plaintiffs for lack of evidence. It also dismissed without prejudice the excessive force claims of nine other Plaintiffs for their failure to exhaust administrative remedies. After the dust had cleared, there remained only the Eighth Amendment excessive force claims and the accompanying Puerto Rico law claims of five Plaintiffs against six prison guard Defendants.[4] These claims went to trial, and all five Plaintiffs received favorable verdicts.

■■■■ If a plaintiff achieves only limited or partial success, the product of hours spent on the litigation as a whole times a reasonable rate may be excessive. *Farrar*, 506 U.S. at 114, 113 S.Ct. at 574 (quoting *Hensley*, 461 U.S. at 436, 103 S.Ct. at 1941). When a civil rights plaintiff proceeds under related legal theories as applied to a common core of facts, it will often be difficult to allocate the time his attorney has spent on the different theories. *Hensley*, 461 U.S. at 435, 103 S.Ct. at 1940; *Figueroa–Torres v. Toledo–Dávila*, 232 F.3d 270, 278 (1st Cir.2000). If, however, a plaintiff's unsuccessful claims are distinct in all respects from his successful claims, the time spent on these unsuccessful claims should be excluded. *Garland*, 489 U.S. at 789, 109 S.Ct. at 1492; *Hensley*, 461 U.S. at 440, 103 S.Ct. at 1943; *Gay Officers Action League*, 247 F.3d at 298.

■■■■ In the present case, Plaintiffs brought a number of claims, but only the Eighth Amendment excessive force claim made it to trial. One of the claims that the Court dismissed at the summary judgment stage was their claim of supervisory liability. An Eighth Amendment claim of excessive force by prison guards is sufficiently distinct from a claim of supervisory liability against high-ranking prison officials to justify excluding an attorney's work done on an unsuccessful supervisory liability claim. *Cf. Figueroa–Torres*, 232 F.3d at 278–79 (Unsuccessful supervisory liability claims were distinct from successful Fourth Amendment claims, and therefore legal work on the former set of claims were not entitled to attorney's fees). The Court similarly finds that Plaintiffs' claims of malicious prosecution and their request for medical treatment are distinct from the excessive force claim. The alleged malicious prosecution and denial of medical care took place after the prison fight. The facts and evidence necessary to prove these two claims are wholly different from those that Plaintiffs used to establish their excessive force claim. *Cf. id.* Because the supervisory liability, malicious prosecution, and medical treatment claims are distinct from the excessive force claims, a reduction in the award of attorney's fees is warranted.

There are additional factors which justify a reduction. First of all, this claim was originally brought by twenty-five prisoners. The Court dismissed the claims of twenty of those Plaintiffs at the summary judgment stage. In their petition for attorney's fees, Plaintiffs indicate that the work claimed in their petition included work done on behalf of all the Plaintiffs.[5] Therefore, the fees claimed include work done on behalf of the twenty Plaintiffs whose claims were dismissed. These unsuccessful claims should not be entitled to attorney's fees.

There is a second reason to support a reduction in the amount of fees. Plaintiffs have submitted an itemization of the hours

---

4. Docket no. 84.

5. Docket no. 133, at 8.

of legal work claimed. This itemization lists the amount of time spent on a given day working on the case. For many of these days, however, Plaintiffs' counsel performed more than one task. For example, on December 8, 2000, counsel for Plaintiffs spent five and a half hours on the case. During that time he did research and writing, drafted a motion for summary judgment, met with one of the Plaintiffs, made telephone calls, and did "library research" and "case review." [6] This particular entry—like all the other entries which include more than one task—does not indicate how much time was spent on each one of these tasks. A party claiming fees must submit records that enable a court to identify distinct claims. *Hensley*, 461 U.S. at 437, 103 S.Ct. at 1941. The party must "submit a 'full and specific accounting' of the tasks performed, the dates of performance, and *the number of hours spent on each task.*" *Weinberger*, 925 F.2d at 527 (emphasis added). If the records are not kept in reasonable detail, the party risks having the court slashing the amount of the award. *Gay Officers Action League*, 247 F.3d at 297. In the present case, Plaintiffs' failure to itemize how much time was spent on each individual task makes it impossible for the Court to determine whether counsel spent a reasonable time on any particular task. Therefore, a reduction in the amount claimed is warranted.

There is a third reason which justifies a reduction in the award. Plaintiffs request fees for work done on their motion for summary judgment. In that motion, they sought the entry of summary judgment on their claim of malicious prosecution, claimed that they were entitled to collateral estoppel on their request for medical treatment, and argued that collateral estoppel precluded Defendants from claiming that Plaintiffs participated in a prison riot.[7] The Court denied this motion in its entirety.[8] The Court is cognizant that a prevailing party will often be entitled to the fees spent even on unsuccessful motions. A prevailing party is entitled to fees for work "reasonably expended," but not for unnecessary hours. *Hensley*, 461 U.S. at 434, 103 S.Ct. at 1939–40. This motion for summary judgment, however, was not time reasonably expended for the success of Plaintiffs' case. The Court ultimately dismissed their malicious prosecution and medical treatment claims. The collateral estoppel argument regarding whether there was a riot was without merit. More importantly, the Court finds that the work spent on this motion was wholly unnecessary for the five successful Plaintiffs to receive the verdict that was entered in their favor. Therefore, Plaintiffs are not entitled to attorneys' fees for the time spent on their motion for summary judgment.[9]

Based on the limited success achieved, Plaintiffs' failure to properly itemize, and the time spent on their unnecessary motion for summary judgment, the Court finds that a reduction in the amount of fees claimed is appropriate. Accordingly, the Court reduces by fifty percent the time claimed by Plaintiffs up to March 15, 2001. The Court makes this reduction only up to this date because on March 5, 2001, the Court issued its ruling on Defendants' mo-

---

6. Docket no. 133, Attorney Hours of Mauricio Hernandez Arroyo, at 6.

7. Docket no. 41.

8. Docket no. 74.

9. As discussed above, Plaintiffs do not individually itemize each discrete task and the amount of time spent on it. Therefore, the Court has no way of knowing exactly how much time was spent in the preparation of their motion for summary judgment.

tions for summary judgment.[10] In that ruling, the Court dismissed the claims of twenty Plaintiffs, as well as the request for injunctive relief and the claims of malicious prosecution, failure to intervene, supervisory liability, and an equal protection violation. Thus, any work done after March 15, 2001, would be properly focused on what would ultimately be the successful claims of the remaining five Plaintiffs. Some reduction done after March 15, 2001, is still warranted, however, because Plaintiffs' itemizations continue to suffer from the defect of failing to indicate how much time was spent on individual tasks when more than one task was performed on the same day. Therefore, the Court reduces by twenty percent the work claimed for all out-of-court hours performed after March 15, 2001. The Court will not reduce the time claimed for in-court hours.

Plaintiffs' itemization indicates that their counsel spent a total of 606.3 out-of-court hours and 35 in-court hours on this case. Of this out-of-court time, 455 hours were performed on or before March 15, 2001. The Court reduces this time by fifty percent to 227.5 hours ($455 \times .5 = 227.5$). The total out-of-court work done after March 15, 2001, is 151.3 hours. The Court reduces this time by twenty percent to 121.04 hours ($151.3 \times .8 = 121.04$). Thus, Plaintiffs are entitled to a total of 348.54 out-of-court hours ($227.5 + 121.04 = 348.54$) and 35 in-court hours.

The Court must next determine an appropriate rate to which Plaintiffs' counsel is entitled. The amount of attorney's fees is usually determined with the "lodestar" method, whereby the number of hours reasonably expended on the case is multiplied by a reasonable hourly rate. *Hensley,* 461 U.S. at 433, 103 S.Ct. at 1939; *Coutin v. Young & Rubicam Puerto Rico, Inc.,* 124 F.3d 331, 337 (1st Cir.1997); *Lipsett v. Blanco,* 975 F.2d 934, 937 (1st Cir.1992). In exceptional cases, an enhancement of this lodestar amount may be warranted.[11] *Hensley,* 461 U.S. at 435, 103 S.Ct. at 1940. The hourly rate should be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson,* 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 1547 n. 11, 79 L.Ed.2d 891 (1984); *Andrade v. Jamestown Housing Auth.,* 82 F.3d 1179, 1190 (1st Cir.1996); *Lipsett,* 975 F.2d at 937; *United States v. Metropolitan Dist. Comm'n,* 847 F.2d 12, 19 (1st Cir.1988). The party seeking fees has the burden of showing that the rates being sought are comparable with those in the community. *Blum,* 465 U.S. at 895 n. 11, 104 S.Ct. at 1547 n. 11. In reaching its determination, the court may rely upon its own knowledge of attorney's fees in the community. *Andrade,* 82 F.3d at 1190.

In the present case, Plaintiffs' counsel seeks an hourly rate of $225 for in-court work and $175 for out-of-court work. Based on counsel's level of experience, the difficulty of this case, and a previous award to this counsel, the Court finds this amount to be somewhat excessive. In a recent case in this Court, this same attorney was awarded rates of $150 for in-court time and $130 for out-of-court time. *See Figueroa–Torres,* 232 F.3d at 277. That work was done in a case filed two and a half years before the present one.[12] That case was also a section 1983 case involving excessive force. The Court relies on the

---

**10.** Docket no. 84.

**11.** In the present case, Plaintiffs do not seek such an enhancement. *See* docket no. 133, at 9 n. 1.

**12.** Civil no. 97–1254(JAF).

award made in that case as guidance for the present one and finds that Plaintiffs' counsel is entitled to a rate of $160 for in-court time and $140 for out-of-court time.

Plaintiffs also seek reimbursement for paralegal work. Attorney's fees for a prevailing party also include the work of paralegals. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 285, 109 S.Ct. 2463, 2470, 105 L.Ed.2d 229 (1989). Plaintiffs request a rate of $75 for 81 hours of paralegal work. The Court approves the amount of time claimed, but reduces the rate to $40. *See Figueroa–Torres*, 232 F.3d at 277.

Thus, Plaintiffs are entitled to the following:

|  | # of hours | | Rate | | |
|---|---|---|---|---|---|
| Out-of-court work | 348.54 | x | $140 | = | $48,795.60 |
| In-court work | 35.00 | x | $160 | = | $ 5,600.00 |
| Paralegal work | 81.00 | x | $ 40 | = | $ 3,240.00 |
| **TOTAL FEES** | | | | | $57,635.60 |

*3. Costs*

Plaintiffs also seek, pursuant to 28 U.S.C. § 1920 and Federal Rule 54(d), $8,691.00 in costs. The Court grants the request, subject to the following modifications. Plaintiffs seek $435.00 for serving Defendants. Defendants object to this amount and argue that Plaintiffs should only be entitled to the costs for serving the Defendants who lost at trial. The Court agrees with Defendants and reduces this item to $90.00, the cost of serving the six Defendants against whom a verdict was entered.

Plaintiffs seek $225 for printing fees and $1,208 for exemplification and copies. Defendants oppose these requests because Plaintiffs have not provided proper documentation for these items. In support of these requests, Plaintiffs have submitted two invoices for translator services totaling $1,062.00 [13] and four receipts for copies totaling $81.93.[14] The Court reduces these two amounts claimed to $81.93 and $1,062.00, respectively.

Plaintiffs claim $6,548 for the taking of depositions. Defendants object to the costs for deposing Defendants Gilberto Pérez Rentas, Edgardo Colomba Rivera, Edgardo Rentas Vargas, Carlos Torres Ortíz, and Jorge Ramírez. The claims against these five Defendants were ultimately dismissed at the summary judgment stage. Therefore, the Court denies the request to recover the costs to depose these Defendants. The transcripts of these depositions, at four dollars a page, came to a total of $708.00.[15] Plaintiffs also seek compensation for translation services used at these depositions. The Court assumes that each of these depositions lasted one hour. Thus, the Court deducts five hours from the request for translator's fees. At seventy-five dollars per hour—the amount charged by the translator—this results in a reduction of $375 (5 × $75 = $375). The Court therefore reduces a total of $1,083.00 ($708 + $375 = $1,083) from the deposition costs which Plaintiffs seek to recover. Plaintiffs are therefore entitled to $5,465 in deposition costs ($6,548—$1,083 = $5,465).

The Court approves all other costs requested by Plaintiffs. Thus, they are entitled to the following:

| | |
|---|---|
| Filing fees | $ 150.00 |
| Fees for service | $ 90.00 |
| Printing | $ 81.93 |
| Exemplification and copies | $1,062.00 |
| Depositions | $5,465.00 |
| Subpoenas for trial | $ 125.00 |
| **TOTAL COSTS** | **$6,973.93** |

13. Docket no. 127, exhibit B.

14. Docket no. 127, exhibit C.

15. Docket no. 128, ¶¶ 7 & 10.

WHEREFORE, the Court denies Defendants' motion for a new trial or to alter or amend the judgment (docket no. 126); grants and modifies Plaintiffs' bill of costs (docket no. 127) and awards them **$6,973.93** in costs; and grants and modifies Plaintiffs' petition for attorney's fees (docket no. 133) and awards them **$57,635.60** in fees. An amended judgment shall be entered accordingly. *See Green v. Nevers,* 196 F.3d 627, 631 (6th Cir.1999) (An order on attorney's fees requires the entering of a judgment); *Puerto Rico Aqueduct and Sewer Authority v. Constructora Lluch,* 169 F.3d 68, 74–76 (1st Cir. 1999) (Requiring that a separate judgment be issued after a court resolves a post-judgment motion).

**IT IS SO ORDERED.**