**Keith Jason MAXWELL,**
**Plaintiff–Appellant,**

**v.**

**Terri Leigh SMITH; Riverwood Center; Berrien County Circuit Court, named as: State of Michigan, 2nd Judicial Circuit Court, Berrien County, Defendants–Appellees.**

**No. 03–2411.**

United States Court of Appeals,
Sixth Circuit.

March 24, 2004.

Before BATCHELDER, COLE, and GIBBONS, Circuit Judges.

## ORDER

This matter is before the court upon consideration of the appellant's response to this court's order directing him to show cause why his appeal should not be dismissed for lack of jurisdiction on the basis of a late notice of appeal. The appellant responded by stating that it was impossible to pay the filing fee and forward the district court's decision to this court until a technical error in the district court's decision was corrected or a hearing held; that the date of the original notice of appeal to this court was September 16, 2003; that he tolled the appeal period; that the September 16, 2003 document included a notice of appeal of the September 2, 2003 decision, a request to have the district court correct a technical error, and a request to hold a hearing on the federal issues; and that the district court's orders dated September 2, 2003 and September 17, 2003 are the same and should not be separated. An appellee replied stating that the appellant's motion was filed on September 17, 2003, and that this court lacks jurisdiction.

It appears from the documents before the court that the district court's opinion and separate judgment were entered September 2, 2003. The appellant's motion filed September 17, 2003 was not filed in the district court within ten days of the district court's decision, and failed to toll the appeal period. See Fed.R.Civ.P. 6(a) and Fed. R.App. P. 4(a)(4). The motion was titled as an "APPEAL AND REQUEST FOR A HEARING IN THE ABOVE REFERENCED MATTER BEFORE THE ASSIGNED JUDGE DAVID W. MCKEAGUE." It is not clear from a reading of the motion whether the appellant was seeking to appeal the decision to this court, or instead was appealing to the district court judge to correct a clerical error and to hold a hearing on federal issues. The motion noted that the decision was directed against "Kevin Maxwell" rather than "Keith Jason Maxwell." By amended judgment entered October 15, 2003, the district court treated the appellant's motion as a Fed.R.Civ.P. 60 motion for relief, corrected the clerical error in the case name, and denied the remainder of the motion. The entry of an amended judgment to correct a clerical mistake does not start the appeal period anew. *Green v. Nevers*, 196 F.3d 627, 630–31 (6th Cir. 1999); *Whittington v. Milby*, 928 F.2d 188, 191–92 (6th Cir.1991) (per curiam). The notice of appeal filed on October 22, 2003 was late as it applies to the September 2, 2003 judgment. *See* Fed. R.App. P. 4(a) and 26(a).

The failure of appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed. R.App. P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. *Baker v. Raulie*, 879 F.2d 1396, 1398 (6th Cir.1989) (per curiam). Fed. R.App. P. 26(b) specifically provides that this court may not enlarge the time for filing a notice of appeal.

Accordingly, it is ordered that the appeal is dismissed as it applies to the September 2, 2003 judgment. The notice of appeal was timely filed from the October 15, 2003 amended judgment granting in part and denying in part the Fed.R.Civ.P. 60 motion for relief.

It is further ordered that the district court correct the record and file the September 17, 2003 motion as a notice of appeal. *See* Fed. R.App. P. 10(e). Although the intent to appeal the decision to this court is not abundantly clear from a review of the documents, the appellant asserts in his response to this court's show cause order that the motion was intended as a notice of appeal to this court. After filing the motion as a notice of appeal, it should be forwarded to this court by the district

court as provided by Fed. R.App. P. 3(d)(1) for filing as a new appeal.