NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

16-P-184                                          Appeals Court

        LAURA MARIE CREEDON  vs.  JOSEPH E. HAYNES, SR.

                        No. 16-P-184.

        Suffolk.    October 13, 2016. - December 6, 2016.

            Present:  Wolohojian, Carhart, & Shin, JJ.


Rules of Domestic Relations Procedure.  Contempt.  Divorce and
    Separation, Agreement respecting life insurance, Judgment.
    Probate Court, Judgment.  Judgment.


    Complaint for divorce filed in the Suffolk Division of the
Probate and Family Court Department on June 14, 1990.

    A complaint for contempt, filed on November 4, 2011, was
heard by Jeremy A. Stahlin, J.; entry of an order dismissing the
contempt complaint was ordered by Abbe L. Ross, J., and a motion
for postjudgment relief was heard by her.


    Laura Marie Creedon, pro se.


    WOLOHOJIAN, J.  The mother appeals from the dismissal of

her contempt complaint by a judge of the Probate and Family

Court, who was not the trial judge.  We vacate the order

dismissing her complaint and order that judgment enter

reflecting the trial judge's decision.

The parties[1] entered into a separation agreement on March 15, 1995, which was incorporated, but did not merge (with the exception of provisions relating to the parties' unemancipated children), into a judgment of divorce nisi. Among other things, the agreement provided that the father "agrees to designate the minor children as beneficiaries of his life insurance policy presently in place with the . . . [f]ire [d]epartment" of the town of Lexington (town), which the father, during negotiations, represented had a value of $100,000. In fact, there was no such policy, and the father never designated his children as beneficiaries. Upon learning this, the mother filed a complaint for contempt in 2011.

At the first day of the contempt trial, the mother produced a letter from the town manager certifying that the father did not have life insurance in place at the time of the separation agreement. The father did not contest that fact, but represented that he had instead a line-of-duty death benefit[2] for which he had designated the children as beneficiaries. Based on this representation, the trial judge continued the matter to

---

[1] The parties are proceeding pro se. The father has not filed a brief on appeal.

[2] The record does not contain the transcript of the first day of trial. However, the transcript of the second day reveals the judge's recollection of the father's representation from the first day, and his recollection is corroborated by the order continuing the trial.

determine whether the father had a line-of-duty death benefit and, if so, the identifies of the named beneficiaries.[3]

The father did not appear at the subsequent (and final) day of trial. The mother, however, did, and produced additional documentation from the town manager stating that the town provided only life insurance, and that no other form of death benefit was offered. A search of town records had revealed no records showing the father had been enrolled in a group life insurance plan; the father, therefore, had not been eligible for a death benefit under any life insurance benefit administered by the town.

On this evidence, the trial judge found the father in contempt and awarded the mother a creditor's claim against the father's estate for $100,000, to be reduced by any life insurance policy naming the mother as the beneficiary at the time of the father's death. The trial judge announced his decision at the conclusion of the trial on March 21, 2012, and his ruling is reflected in the official transcript. The terms of the decision were not otherwise recorded in writing, and the

---

[3] It is unclear whether the father was referring to the line-of-duty death benefit provided under G. L. c. 32, § 100A, which, at the time, provided for a $100,000 line-of-duty death benefit, administered by the State board of retirement.

judgment was not entered on the docket.[4]

Concerned about the lack of written record of the judgment or its terms, the mother filed a "motion for final judgment and order to issue on complaint for contempt," seeking to have the trial judge's decision reflected in a separate judgment and entered on the docket. The father did not oppose this motion. Nonetheless, apparently without hearing (at least, the docket does not reflect one),[5] a second judge (the trial judge having retired) dismissed the contempt complaint on the ground that "[t]he issue of [f]ather maintaining life insurance for the benefit of the children to secure his child support payment pursuant to the March 15, 1995[,] [s]eparation [a]greement is moot as the children are now 29, 33 and 35 years old."[6,7]

---

[4] A docket entry dated March 21, 2012 (the last day of trial), states "judgment on contempt." On our own initiative, we obtained the docket to which this entry refers and determined that the entry relates to a different contempt complaint. We have made the same inquiry with respect to two similar entries dated eight days later; they, too, relate to different contempt complaints.

[5] Although the docket does not reflect that a hearing occurred, the basis for the judge's decision suggests that additional information (the age of the children) came to his attention by some means. Those means, however, do not appear in the record.

[6] The judge's ruling was dated September 25, 2015; the docket entry is dated October 13, 2015.

[7] The dismissal is not reflected in the docket, which instead states only that "[j]udgment/[d]ecree of [c]ontempt filed 11/16/2011." The ambiguity of this entry is not lessened

The mother, proceeding pro se, moved pursuant to Mass.R.Dom.Rel.P. 60(a) and Mass.R.Dom.Rel.P. 60(b)(1), (4)-(6), seeking relief from what she termed the "secondary judgment," i.e., the second judge's dismissal of the contempt complaint. The father, appearing for the first time relevant here, filed an opposition in which he stated merely that the parties' three children were in their thirties. The second judge denied the motion on the ground that "the court did not issue a 'secondary judgment.'" This appeal followed.

To some extent, the issues raised by this appeal can be traced to the initial failure to comply with Mass.R.Dom.Rel.P. 58(a) and 79(a). Rule 58(a) provides that, "upon a decision by the court . . . , the court shall promptly approve the form of the judgment" and, further, that "[e]very judgment shall be set forth on a separate document." See Mass.R.Civ.P. 58(a), as amended, 371 Mass. 908 (1977). Here, although the judge found the defendant in contempt and decided the relief to which the plaintiff was entitled as a result, the requirements of rule 58(a) were not met; the judgment was not recorded in a separate document and the form of judgment was not approved by the judge.

---

by the fact that the contempt complaint was not filed on the stated date. Instead, the contempt complaint was dated November 2, 2011, and filed on November 4, 2011. The date discrepancy makes no difference to this appeal.

Moreover, contrary to Mass.R.Dom.Rel.P. 79(a),[8] the judgment was not entered on the docket.  "A judgment is effective only when" set forth as required by rule 58(a) "and when entered as provided in [r]ule 79(a)."  Mass.R.Dom.Rel.P. 58(a).  In other words, although the trial judge found the defendant in contempt and determined the relief to which the plaintiff was entitled -- and announced those matters on the record in open court -- there was no effective judgment on the contempt complaint.  See Zielinski v. Connecticut Valley Sanitary Waste Disposal, Inc., 70 Mass. App. Ct. 326, 331 (2007), and cases cited ("Massachusetts courts generally continue to require strict compliance with rule 58[a]'s 'separate document' rule").[9,10]

---

[8] Rule 79 of the Massachusetts Rules of Domestic Relations Procedure incorporates by reference sections (a)-(c) of rule 79 of the Massachusetts Rules of Civil Procedure, as amended, 385 Mass. 1216 (1982).

[9] Federal authority is to similar effect with respect to the corresponding Federal rules.  For example, the First Circuit "interpret[s] [r]ule 58 fairly strictly; as the Supreme Court has instructed, [r]ule 58 'must be mechanically applied to avoid new uncertainties as to the date on which a judgment is entered.'"  Mullane v. Chambers, 333 F.3d 322, 336 (1st Cir. 2003), quoting from United States v. Indrelunas, 411 U.S. 216, 222 (1973).  Separate judgments should generally be "self-sufficient, complete, and describe the parties and the relief to which the party is entitled."  Ibid. (collecting cases).  Separate judgments must also be separate and distinct from any judicial opinion or memorandum, and docket entries are insufficient to satisfy rule 58.  See id. at 337, citing Domegan v. Ponte, 972 F.2d 401, 405 (1st Cir. 1992), vacated, 507 U.S. 956 (1993); Green v. Nevers, 196 F.3d 627, 630 (6th Cir. 1999).

In these circumstances, the plaintiff was correct to move, pursuant to rule 58(a), for entry of final judgment.[11]  Such a motion, in essence, seeks a largely ministerial act:  that a previously-made decision be recorded in a separate writing and entered on the docket.  A rule 58(a) motion is not a vehicle for substantive reconsideration of an earlier decision, and a judge is not free to treat it as such, especially absent further procedural protections, such as notice to the parties and an opportunity to be heard -- neither of which appear to have occurred here.

The peril of proceeding otherwise can be seen from what happened in this case.  The second judge's decision necessarily rested on a reading of the separation agreement that was rejected by the trial judge.  The father did not contend at trial that his life insurance obligation was limited to securing his child support obligation, nor did he contend that the obligation expired when the children reached majority -- an

---

[10] We have recognized some flexibility in the rule to the extent that it is a precondition for maintaining an appeal (which is not the situation we face here).  See Hodge v. Klug, 33 Mass. App. Ct. 746, 750-751 (1992).

[11] At oral argument, the plaintiff represented that she had also orally asked for the same relief from the trial judge when she appeared before him for separate reasons.  However, these informal requests are not reflected in the record, and we do not take them into account.  Motions, unless made during a hearing or a trial, must be made in writing.  See Mass.R.Civ.P. 7(b), 365 Mass. 748 (1974); Mass.R.Dom.Rel.P. 7(b).

obvious claim to make (if true) because the children were already emancipated at the time of the contempt trial. Instead, the father's defense was that he had satisfied his obligation through his employer's line-of-duty death benefit. Whereas the trial judge accepted the plain language of the separation agreement, the second judge did not, concluding that the father's life insurance obligation was limited to securing his child support obligation and that the obligation expired when all the children reached majority. The second judge could not have reached these conclusions without resorting to extrinsic evidence, which, in turn, also necessarily depended on her having determined that the contract language was ambiguous or that its plain language did not accurately reflect the intent of the parties -- all factual matters the second judge was in no position to decide differently than the trial judge. Seaco Ins. Co. v. Barbosa, 435 Mass. 772, 779 (2002) (if a contract "has terms that are ambiguous, uncertain, or equivocal in meaning, the intent of the parties is a question of fact to be determined at trial"); Bank v. Thermo Elemental Inc., 451 Mass. 638, 649 (2008) ("extrinsic evidence may be used as an interpretive guide only after the judge or the court determines that the contract is ambiguous on its face or as applied").

For these reasons, we vacate the order dismissing the contempt complaint and direct that, pursuant to rule 58(a), judgment enter consistent with the decision of the trial judge.[12]

<u>So ordered</u>.

---

[12] Although we express no view on the merits of any such motion, we note that our decision does not foreclose the father, upon motion and an appropriate showing, to be relieved of the contempt judgment, pursuant to rule 60(b).